# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT ZAMICHIELI, | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. 3:17-1898 |
| THERESA DELBALSO, et al., | : | (JUDGE MANNION) |
| Defendants | : | |

## MEMORANDUM

## I. Background

Lamont Zamichieli, an inmate currently confined in the State Correctional Institution, Huntingdon, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). Plaintiff's complaint, names as Defendants, the Pennsylvania Department of Corrections ("DOC"), and nineteen (19) DOC employees. Id. Plaintiff's complaint, which consists of twenty-five (25) pages, states that the "claims rise at SCI-Mahanoy on January 20, 2016 to April 2016." Id. Plaintiff's claims range from being improperly housed on the top tier to being retaliated against for refusing to withdraw grievances, to deprivation of personal property, including a mattress, bedding and personal hygiene products, as well as a "deni[al]/delayed medical access/mental health access", sexual assault and

encouragement to commit suicide. Id. Plaintiff's various claims are evidenced by the many grievances attached to his complaint. Id.

Presently before the Court is a motion to dismiss for failure to state a claim, filed on behalf of Defendant Alyssa Megheni, and remaining Defendants' motion to dismiss for Plaintiff's failure to comply with Rule 8 and Rule 20 of the Federal Rules of Civil Procedure. (Docs. 24, 26). For the reasons set forth below, Defendants' motion to dismiss for Plaintiff's failure to comply with Rule 8 and Rule 20 of the Federal Rules of Civil Procedure will be granted, and Plaintiff will be given an opportunity to file an amended complaint. Defendant Megheni's motion to dismiss will be deemed moot in light of Plaintiff's opportunity to file an amended complaint.

## II. **Discussion**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim," containing allegations that are "simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), and Fed.R.Civ.P. 8(d)(1). Federal Rule of Civil Procedure 20, addressing the matter of permissive joinder of parties states, in pertinent part, the following:

(a) Persons Who May Join or Be Joined.

(2) Defendants. Persons ... may be joined in one action as

> defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

Moreover, Rule 21 of the Federal Rules of Civil Procedure provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Similarly,

3

a district court has broad discretion in deciding whether to sever a party or claim pursuant to Rule 21. Although Rule 21 is most commonly invoked to sever parties improperly joined under Rule 20, "the Rule may also be invoked to prevent prejudice or promote judicial efficiency." Lopez v. City of Irvington, 2008 WL 565776, *2 (D.N.J. 2008); see also Sporia v. Pennsylvania Greyhound Lines, Inc., 143 F.2d 105 (3d Cir. 1944) (not limiting Rule 21 severance to cases of misjoinder); Wyndham Assoc. v. Bintliff, 398 F.2d 614 (2d Cir.) (same, citing Sporia ), cert. denied, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); Rohr v. Metropolitan Ins. & Cas. Co., 2007 WL 163037 (E.D.La. Jan.17, 2007) (court may also consider whether jury confusion would result from the volume of evidence if the plaintiffs were joined); 4 James Wm. Moore et al., Moore's Federal Practice §21.02(1) (3d ed. 2007) (courts may issue severance orders under Rule 21, even in the absence of misjoinder and non-joinder of parties, "to construct a case for the efficient administration of justice").

Finally, for a case involving a prisoner proceeding *in forma pauperis*, like the instant case, Rule 20 "takes on additional importance in light of the Prison Litigation Reform Act of 1995 ("PLRA")," as "a prisoner-plaintiff who is permitted to combine separate, independent claims into one complaint is able to circumvent the PLRA's filing fee requirements and [its] potential 'three

4

strikes' limitation." Saltalamacchia v. Wentzel, 2017 WL 2843302, *3 (M.D. Pa. June 9, 2017), report and recommendation adopted, 2017 WL 2834507 (M.D. Pa. June 30, 2017).

Saltalamacchia, supra, is instructive for the instant case. In Saltalamacchia, the Magistrate Judge noted that the claims were unrelated, in that some claims were about medical treatment, while other claims were about theft of legal materials. Furthermore, the claims were "alleged to have taken place in different housing units of SCI-Rockview." Saltalamacchia, supra, at * 3. Similarly, the Plaintiff, in the instant action, makes claims about being placed in an improper housing situation, a sexual assault, a suicide attempt, deprivation of property, and retaliation. This is evidenced by the thirteen (13) separate grievances Plaintiff attaches in support of the allegations in his complaint. These grievances are filed on separate dates and address separate issues against various Defendants. Thus, it is clear that Plaintiff's complaint is in clear violation of Rule 20. As such, the Court rejects the complaint, as submitted.

However, in the interests of justice to this *pro se* litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Zamichieli will be granted an opportunity to file an amended complaint in this action. As the complaint stands right now, it appears that he seeks to litigate several separate

5

incidents in the same action. He should be aware of the statute of limitations bar when choosing which claim to litigate herein. Further, Zamichieli is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties.

### III. Conclusion

For the reasons stated above, Defendants' motion to dismiss Plaintiff's original complaint for Plaintiff's failure to comply with Rule 8 and Rule 20 of the Federal Rules of Civil Procedure, (Doc. 24), will be **GRANTED,** and Plaintiff will be given an opportunity to file an amended complaint. Defendant Megheni's motion to dismiss (Doc. 26) will be deemed moot.

An appropriate order shall issue.

    s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: August 6, 2018
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1898-01.wpd