UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT ZAMICHIELI, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:17-1898 |
| v. | : | (JUDGE MANNION) |
| THERESA DELBALSO, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

I. **BACKGROUND**

Plaintiff, Lamont Zamichieli, an inmate formerly confined in the Mahanoy State Correctional Institution (SCI-Mahanoy), Frackville, Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983.[1] (Doc. 1-2). The action proceeds via an amended complaint. (Doc. 47). The named Defendants are the Pennsylvania Department of Corrections (DOC) and the following SCI-Mahanoy employees: Theresa DelBalso, Superintendent; Michael Vuksta, Deputy Superintendent of Centralized Services; Beggs, Deputy Superintendent of Facility Management; Jeanne Macknight, Corrections Centralized Program

---

[1] Plaintiff is currently housed at the Phoenix State Correctional Institution, Collegeville, Pennsylvania.

Management; Lt. Keith Wall; Lt. Brennan; Jane Hinman, Grievance Coordinator; Jamie Lynn Bechtel, Psychology Service Specialist; C/O Dusty Young; Traci Jacobson, Unit Manager; Sgt. Williams, C/O J.E. Murphy; Harry Cardodiskey, RHU Counselor; and Alyssa Menghini, Physician Assistant. Id.

Plaintiff seeks compensatory and punitive damages for claims of First Amendment retaliation, Fourth Amendment violation of bodily privacy and confidentiality, Eighth Amendment sexual abuse, Eighth Amendment deliberate indifference and a violation of the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA). Id.

By Memorandum and Order dated March 17, 2022, this Court granted Defendant Menghini's motion for summary judgment based on Plaintiff's Eighth Amendment claim of deliberate indifference and granted DOC Defendants' motion for summary judgment on Plaintiff's First Amendment retaliation claim, Plaintiff's Eighth Amendment sexual abuse claim and Plaintiff's ADA and RA claims. (Docs. 114, 115). Plaintiff's remaining Fourth Amendment violation of bodily privacy and confidentiality claim was permitted to proceed.

Presently before the Court is Defendants' motion for summary judgment. (Doc. 119). The motion is fully briefed and is ripe for disposition. For the reasons that follow, the Court will grant Defendants' motion for

summary judgment as to Plaintiff's remaining Fourth Amendment violation of bodily privacy and confidentiality claim .

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Co., 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond his pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

Celotex, 477 U.S. at 323.  See Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. White, 826 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. Id. (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." L.R. 56.1.  A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a *pro se* litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-CV-1384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (*pro se* parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-CV-01854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006) (*pro se* parties must follow the Federal Rules of Civil Procedure).

"The rule is no different where there are cross-motions for summary judgment." Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008). "Cross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist." Muhammad v. Martin, No. 3:19-cv-1316, 2021 WL 832645, at *2 (M.D. Pa. Mar. 4, 2021) (citing Rains v. Cascade Indus., Inc., 402 F.2d 241, 245 (3d Cir. 1968)). "[E]ach movant must demonstrate that no genuine issue of material fact exists; if both parties fail to carry their respective burdens, the court must deny [both] motions." See Quarles v. Palakovich, 736 F. Supp. 2d 941, 946 (M.D. Pa. 2010) (citing Facenda v. N.F.L. Films, Inc., 542 F.3d 1007, 1023 (3d Cir. 2008)).

**III.   STATEMENT OF MATERIAL FACTS**

The facts as they relate only to Plaintiff's remaining Fourth Amendment right to privacy and confidentiality claim are set out herein.

On March 1, 2016, Plaintiff received Misconduct B882608[2] for sexual harassment and indecent exposure. (Doc. 122-2 at 31). Plaintiff's cell was searched after he received the misconduct. (Doc. 122-1 at 28, Plaintiff's Deposition). Lt. Wall made the decision to "strip search" the cell because of Plaintiff's continuous non-compliant behavior. Id. Corrections Officer Murphy and Sgt. Williams helped search the cell. Id. During the "strip search" of the cell, Plaintiff was in the law library. (Doc. 47 at p.31). When Plaintiff was sent back to his cell, it had been "stripped" of his belongings. Id. Plaintiff's mattress and property were removed to be inspected to find pills that were being hidden.[3] (Doc. 47). The pills needed to be found for safety purposes. Id. Most of Plaintiff's belongings were returned to him within a couple or a few days. Id.

---

[2] Misconduct B882608, issued by Defendant Jacobson, reads as follows:

On the above date and time while conducting a PREA investigation with inmate Zamichieli when he exposed his erect penis and began manipulation of his penis in front of this reporting staff member. At that time, I exited the RHU Law Library and terminated the interview. End of report.

(Doc. 122-2 at 31).

[3] Plaintiff stated at his deposition that he has a history of threatening to "hurt [him]self, cut [him]self," and "hang [him]self" and, in fact, on April 1, 2016, Plaintiff ingested "multiple pills that [he] was prescribed or [] saved over like probably ten days" and "other medication [he] got from a neighbor that was next door." (Doc. 122-1 at 29-31).

While Plaintiff's cell was being searched, Plaintiff was in the law library, where he claims that Defendant Jacobson was "coercing him to expose his penis to her and masturbate for her as she watch[ed] and camera recorded." (Doc. 47 at 20). Plaintiff states that Defendant Jacobson "basically asked [him] to do this for [him] to get a lower tier cell" and "[he] agreed and [he] volunteered and said, well okay, I'll do this." (Doc. 122-1 at 37, Plaintiff's Deposition).

Plaintiff's remaining claim states a violation of his Fourth Amendment "right of bodily privacy and confidentiality". (Doc. 47 at 20).

## IV. Discussion

Although the Fourth Amendment protects against unreasonable searches and seizures, the Supreme Court has held that the Fourth Amendment's protections do not apply to an inmate's prison cell or personal property. Hudson v. Palmer, 468 U.S. 517, 526, 528 n.8 (1984) (holding that the Fourth Amendment proscription against unreasonable searches and seizures "does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objections of penal institutions."); Crosby v. Piazza, 465 F. App'x 168, 172

(3d Cir. 2012). Thus, Plaintiff's allegation that he faced an unreasonable cell search does not state a plausible claim under the Fourth Amendment and Defendants are entitled to judgment as a matter of law.

As to Plaintiff's claim that Defendant Jacobson violated his Fourth Amendment right to bodily privacy when she allegedly "coerced" him into masturbating in the law library, the Court knows of no case where the Supreme Court, nor the Third Circuit, has specifically analyzed a Fourth Amendment theory in the context of a §1983 claim involving sexual assault.

In Ricks v. Shover, 891 F.3d 468, 473 (3d Cir. 2018), the United States Court of Appeals for the Third Circuit confirmed that the Supreme Court's Eighth Amendment excessive force framework, set forth in Farmer v. Brennan, 511 U.S. 825 (1994), "encompass[es] claims for sexual abuse and harassment by prison officials as well." This framework requires a plaintiff to satisfy both a subjective and an objective element. Ricks at 473 (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)). Previously, by Memorandum and Order dated March 17, 2022, this Court addressed Plaintiff's sexual assault claim under the Eighth Amendment and granted Defendants' summary judgment on the claim. (Docs. 114, 115). Consequently, Plaintiff's Fourth Amendment violation of bodily privacy in connection with any alleged sexual assault by Defendant Jacobson is dismissed as legally frivolous.

## V. CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion for summary judgment as to Plaintiff's Fourth Amendment claim regarding his cell search. The Court dismisses, as legally frivolous, Plaintiff's Fourth Amendment sexual assault claim against Defendant Jacobson.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 20, 2023**
17-1898-03